UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SALLY HEIRSCH

CIVIL ACTION

VERSUS

NUMBER 12-419-BAJ-SCR

JOE DIAS, ET AL.

### RULING ON MOTION TO COMPEL RULE 35 EXAMINATIONS

Before the court is the Defendants' Motion to Compel Plaintiff to Attend Rule 35 Independent Medical Examination []. Record document number 18. The motion is opposed.[1]

Defendants seek an order requiring the plaintiff to appear for an examinations by Dr. Rennie Culver, a psychiatrist, and Dr. Richard Corales, a neurosurgeon, both of whom are located in Metairie, Louisiana.

Only one aspect of the plaintiff's opposition warrants any discussion – the vagueness of the description of the examinations.[2]

Rule 35 provides that the court may order a party to appear for an examination, and that the order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Rule 35(a)(2)(B), Fed.R.Civ.P.

Plaintiff complains that the proposed examinations do not

---

[1] Record document number 19. Defendants filed a reply. Record document number 22.

[2] Plaintiff's other objections have been considered and none have any merit.

indicate whether a physical examination will take place, and if so what areas of the body will be examined, whether radiographs (X-rays) will be taken, whether psychological testing will be performed and if so what testing, nor the anticipated length of the examinations.

Defendants respond that they "are simply requesting that the plaintiff undergo [the] same types of testing employed by plaintiff's treating physicians."[3]

Defendants' response is unpersuasive.  The court does not know what types of tests were performed by the plaintiff's treating physicians.  No medical records or deposition testimony have been provided which would inform the court as to the manner, conditions and scope of the examinations and testing done by the plaintiff's treating physicians.  The court cannot craft an order which complies with Rule 35 based on the defendants' vague description of the manner, conditions, and scope of the proposed examinations.

Defendants have established good cause under Rule 35(a)(2)(A) for an order requiring the plaintiff to submit to examinations by Drs. Culver and Corales.  However, the defendants' proposed order fails to comply with Rule 35(a)(2)(B) because it is too vague.  The manner, conditions and scope of the examinations are not described in any detail.  Nor does the order describe the specific tests to be administered and the length of the examinations.  There is

---

[3] Record document number 22, Defendants' Reply Memorandum in Support of Motion to Compel Rule 35 Independent Medical Examination, p. 2.

little doubt, however, that with assistance from Drs. Culver and Corales the defendants can comply with Rule 35. Therefore, the court encourages the parties to resolve this dispute amicably.

Accordingly, the Defendants' Motion to Compel Plaintiff to Attend Rule 35 Independent Medical Examination [] is denied, without prejudice to the defendants re-urging the motion, supported with additional information describing the manner, conditions and scope of the examinations, if the parties are unable to reach an agreement.

The parties shall each bear their respective costs incurred in connection with this motion.

Baton Rouge, Louisiana, May 21, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE