UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SALLY HEIRSCH

VERSUS

JOE DIAS, ET AL.

CIVIL ACTION

NO. 12-419-SDD-SCR

## RULING

In this appeal, Defendants, Joe Dias, Zurich American Insurance Company, and A&R Logistics, seek a review of the Magistrate Judge's *Ruling*[1] of September 24, 2013 denying their motion for an extension of their expert report deadline. Plaintiff, Sally Heirsch, has filed an *Opposition* to Defendants' objections, and Defendants have filed a *Reply*.[2] In reviewing the Magistrate Judge's *Ruling* in question, the Court must decide whether the ruling constitutes clear error.[3] The Court agrees with the Magistrate Judge's observation that this presents a "close call" but after careful Court finds clear error in the denial of Defendants' request for an extension of their expert report deadline.

### I.  Procedural Background

On September 24, 2013, the Magistrate denied Defendants' motion for an extension of time to produce their expert reports. According to the Magistrate Judge's *Ruling*, "the defendants want an extension of time based on the plaintiff's refusal to consent to two Rule 35 examinations, as to which the court denied their motion to compel her to do so, and then by the time they were able to cure the deficiency they no

---

[1] Rec. Doc. 36.
[2] Rec. Docs. 38 and 41, respectively.
[3] 28 U.S.C. § 636(b)(1)(A).

DM No. 567               1

longer had time to produce the experts' reports before the deadline."[4] The Court found that this sequence of events did not support a finding of good cause. The District Court disagrees.

## II.  Law and Analysis

Pursuant to 28 U.S.C. § 636, the District Court must apply a "clearly erroneous" standard when reviewing a magistrate judge's ruling on a non-dispositive, pretrial motion such as a discovery motion.[5] The issue before the District Court is whether Defendants had shown good cause to modify the scheduling order by extending the Defendants' expert report deadline. The Fifth Circuit Court of Appeals applies the following four-factor balancing test to determine whether good cause exists to allow the modification of a scheduling order: "(1) the explanation for the failure [to submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[6] After considering these four factors, the Court finds that good cause does exist for extending the expert report deadlines.

The Court finds that Defendants' explanation for failing to submit its expert reports for Dr. Culver and Dr. Corales warrants an extension of time. Pursuant to the scheduling order, Defendants disclosed the names of those expert witnesses it expected to testify at trial, which included Dr. Culver, a psychiatrist, and Dr. Corales, a neurosurgeon, on February 28, 2012 to the Plaintiff. On March 14, 2013, Defendants

---

[4] Rec. Doc. 36.
[5] *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).
[6] *Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 360, 257 (5th Cir. 1997)(citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Recently, in *Borden v. United States*, the U.S. Court of Appeals for the Fifth Circuit noted that it may be preferable for district courts to apply the four *Reliance* factors; however, there is no authority that requires the trial court to do so. 2013 WL 3971458 (8/5/2013).

requested that Plaintiff submit to an independent medical examination (IME) by Dr. Culver, to evaluate the nature and extent of her mental injuries sustained as a result of the accident, and Dr. Corales, to evaluate the nature and extent of Plaintiff's alleged neck and back injuries as well as her treating physician's treatment plan. The Plaintiff objected and refused to submit to the requested IME's. Due to this impasse, on April 5, 2013, Defendants filed a *Motion to Compel Plaintiff to Attend Rule 35 Independent Medical Examination* to which Plaintiff subsequently filed an *Opposition* and Defendants filed a *Reply* brief.[7] On May 22, 2013, the Magistrate Judge found the scope of the proposed IME's deficient and denied Defendants' *Motion to Compel* without prejudice allowing them to correct their deficiencies.[8]

The Defendants explained that, after the Court denied their *Motion to Compel*, they attempted to obtain additional details regarding the scope of their expert physicians' examinations and dates for said examinations, but the eight (8) days between the Court's ruling and the expert report deadline did not allow enough time to comply. The Court notes that Defendants did file a motion for extension of their expert report deadlines on May 15, 2013, before the expert report deadline had lapsed and before the Court rendered a ruling on their *Motion to Compel*. The Court finds Defendants provided Plaintiff with notice of their desired experts and the need for IMEs well in advance of the expert report deadline.[9] The Court further finds that Defendants did attempt to comply with the expert report deadlines as exhibited by their *Motion to*

---

[7] Rec. Docs 18, 19, and 22.
[8] Rec. Doc. 26.
[9] Rec. Doc. 41, Exhibit 1. Email and Letter to Plaintiff's Counsel setting forth expert witnesses expected to testify at trial.

DM No. 567                                    3

*Compel*[10] and *Motion to Extend Defendants' Expert Report Deadline*.[11] Defendants' diligence and explanation for failing to comply with the set expert report deadline supports a finding of good cause to extend such expert report deadlines.

The Court also finds that the failure to allow the IMEs of these two physicians would prejudice the Defendants at trial; in other words, the IMEs and testimony of these two physicians is important to the Defendants' case. The parties have stipulated to liability, therefore, the only remaining issues for trial are medical causation and damages. Accordingly, the Court finds that prohibiting the physician's testimony and IMEs would hinder Defendants' defense of the Plaintiff's damage claim. Therefore, good cause exists to allow Defendants an extension of time to file their expert reports.

The Court further finds that Plaintiff will not sustain substantial and undue prejudice by extending the expert report deadline. The trial in this matter is scheduled for February 18, 2014. Dr. Culver and Dr. Corales have conducted their IMEs and their reports have been produced to Plaintiff. Defendants acknowledge that they need to supplement the reports of their vocational rehabilitation/life care plan expert and economist to incorporate the physicians' findings. Nevertheless, these reports can be supplemented in ample time before trial, allowing Plaintiff time to depose Defendants' experts as she deems necessary without upsetting the February 18, 2014 trial date. The Court finds that because Plaintiff will not be prejudiced and the trial date of February 18, 2014 will not be disrupted, there is good cause to allow Defendants additional time to file their expert reports.

---

[10] Rec. Doc. 18.
[11] Rec. Doc. 25.

For the foregoing reasons, the Court finds that the Magistrate Judge was clearly erroneous under the facts and circumstances of this case in finding that Defendants had not shown good cause for an extension of time to submit their expert reports.

## III.   Conclusion

Accordingly, **IT IS ORDERED** that the Magistrate Judge's *Ruling* dated September 24, 2013 is hereby **REVERSED** and Defendants shall have until November 4, 2013 to submit their medical experts' expert reports and supplemental reports of their economist and vocational rehabilitation/life care plan experts.

Baton Rouge, Louisiana the 16 day of October, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA